DOMENIC A. COSSI, ESQ.
JORY C. RUGGIERO, ESQ.
WESTERN JUSTICE ASSOCIATES, PLLC
303 West Mendenhall, Suite 1
Bozeman, Montana 59715
(406) 587-1900

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| THOMAS CURTIS and JANICE CURTIS, <br><br> Plaintiffs, <br><br> vs. <br><br> SAFECO INSURANCE COMPANY OF ILLINOIS, SAFECO GENERAL AGENCY, INC., SAFECO INSURANCE, and JOHN DOES 1-10 <br><br> Defendants. | Cause No: <br><br><br> **COMPLAINT AND REQUEST FOR JURY TRIAL AND FOR DECLARATORY RELIEF** |

Plaintiffs, through their attorneys, allege:

### I.    PARTIES, JURISDICTION AND VENUE

1.    Plaintiffs Thomas Curtis and Janice Curtis are residents either of

Austin, Texas or Livingston, Montana.  They reside approximately half the year in

each location.

2.      Defendant Safeco Insurance Company of Illinois is a Safeco

Corporation subsidiary licensed to provide insurance in the State of Montana and is

domiciled in the state of Illinois, that failed to adjust the Curtis' claim.

3.      Defendant Safeco General Agency, Inc. is a Safeco Corporation

Subsidiary licensed to provide insurance in Texas and domiciled in the State of

Washington, that failed to adjust the Curtis' claim.

4.      Defendant Safeco Insurance is the company listed in the signature

block of the email of the adjuster that refused to adjust the Curtis' claim.  Safeco

Insurance's address listed in the signature block of the adjuster is the same as that

listed on the bottom declarations page of Mr. Curtis' Montana insurance policy

with Safeco Insurance Company of Illinois (all Defendants are hereinafter

collectively referred to as Safeco).

5.      Defendants John Does 1-10 are other entities, likely parents or

subsidiaries of named Defendants, unknown to Plaintiff at this time due to

Defendants' unclear policy language, who may have contributed to causing

Plaintiff's damages.

6.      Plaintiffs are the proper parties to bring this action because they were

injured by an uninsured motorist, tendered their claim to their insurer, Safeco, and

Safeco failed to adjust their claim.

7.     Venue in the Billings Division is proper as Plaintiffs were injured in a collision by an uninsured motorist in Livingston, Montana, made their claim from Livingston, Montana and are currently residing in Livingston, Montana.

8.     Plaintiffs bring their Complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

## II.  GENERAL ALLEGATIONS

9.     On September 12, 2016 Thomas and Janice Curtis were driving west on Callender Street through the intersection with 7th Street at approximately 20 miles an hour.

10.     Callender Street had no traffic control at the intersection.

11.     Callie Elizabeth Pedersen, driving an uninsured 1985 Buick, ran the stop sign on 7th Street and T-boned the Curtis's 2007 Toyota Highlander on the driver's side at speed.

12.     Ms. Pedersen was cited for running the stop sign and for not having liability insurance.

13.     The force of the impact slammed the Curtis' SUV to the right.

14.     The inside of the left driver's door slammed into Mr. Curtis' elbow and arm, breaking the bone in his left forearm and driving his left hand into the steering wheel.

15.     Mr. Curtis' left hand was lacerated down to the bone between the thumb and forefinger, in its impact with the steering wheel.

16.     Mr. Curtis' right hand was also lacerated to a lesser degree in the impact.

17.     The Curtises were taken to Livingston Memorial Hospital via ambulance for treatment to Mr. Curtis' broken arm and hand lacerations.

18.     Mr. Curtis' injury required stitches, splinting, physical and occupational therapy.

19.     Even with this treatment, Mr. Curtis' injuries resulted in permanent disfigurement and loss range of motion and strength in his left arm.

20.     Mrs. Curtis developed soreness, joint and muscular pain a few days after the collision.

21.     Mrs. Curtis also had developed a fear of driving.

22.     All of Mr. and Mrs. Curtis' automobiles are insured with Safeco.

23.     Mr. and Mrs. Curtis have a Montana auto policy, numbered M1781141, with $250,000 in Uninsured (UM) coverage and $10,000 in Medical Payments (Med Pay) coverage.

24.     Mr. and Mrs. Curtis also have a Texas Policy with Safeco, policy number Y8094113, with $250,000 in UM coverage and $2,500 in Personal Injury Protection.

25.     On February 19, 2017, Mr. Curtis made a claim to Safeco on behalf of himself and his wife.

26.     Safeco adjusters accepted the claim as an uninsured motorist claim.

27.     Safeco's adjusters' listed address is the same as the address listed on the Curtis' Montana Policy's declarations page.

28.     Safeco refused to apply Montana law to the claim and refused to adjust any of the claim under the Curtis' Montana policy, despite Mr. Curtis' request that it do so.

29.     Safeco refused to adjust the claim until Mr. Curtis sent an assurance that Medicare did not have a lien.

30.     Mr. Curtis sent Safeco a letter from Medicare stating it did not have a lien.

31.     Safeco then insisted that Mr. Curtis sign a release for it to communicate with Medicare.

32.     Mr. Curtis sent the release.

33.     Nothing in the Medicare regulations requires an insurance company to wait to adjust a claim until a lien is resolved.

34.     In fact, a settlement number must be reached prior to lien resolution so that Medicare can determine the pro rata amount that it will accept as resolution for any lien that it has.

35.     To date, more than four months after the claim was made, Safeco has made no offer of settlement, has not advised Mr. Curtis that he has medical payments coverage, or advanced any payments under any of the Curtis's coverages with Safeco.

36.     Safeco failed to respond to Mr. Curtis' last two communications requesting that it adjust the Curtis' claim, the last one being made on May 5, 2017.

37.     As a result of the collision and Safeco's failure to adjust the claim, the Curtises have sustained damages, including but not limited to medical bills, lost income and earning capacity, out of pocket expenses, pain and suffering, loss of consortium, emotional distress, established course of living and loss of household services.

### III.  CLAIMS FOR RELIEF

### COUNT ONE - DECLARATORY JUDGMENT REQUIRING SAFECO TO ADJUST

38.     Plaintiffs hereby incorporate every other allegation in this Complaint as though fully set forth herein.

39.     Plaintiffs request a declaration, pursuant to 28 U.S.C. §§ 2201 *et. seq.*,

and applicable Montana law requiring Safeco to adjust their claim under Montana

Code Annotated § 33-18-201(6) and (13) and Montana Code Annotated

§ 33-18-232.

40.     Plaintiffs also seek a declaration that Montana law applies to their

claim pursuant to *Wamsley v. Nodak Mut. Ins. Co.,* 2008 MT 56, 178 P.3d 102 and

the fact they have a Montana policy with UM and Med Pay coverage that is

personal and portable.

41.     Plaintiffs also requests supplemental relief, including attorney fees

and costs, as the Court deems appropriate.

42.     Plaintiffs also requests supplemental relief, including attorney fees

and costs, as the Court deems appropriate.

## COUNT TWO – BREACH OF CONTRACT

43.     Plaintiffs hereby incorporate every other allegation in this Complaint

as though fully set forth herein.

44.     Plaintiffs have insurance policies with Safeco that included UM, Med

Pay and Personal Injury Protection coverage.

45.     Safeco has failed to offer to pay Plaintiffs' claim in whole or in part

under any of those coverages.

46.     Safeco's failure to offer any amount to Plaintiffs after four months of adjusting a claim is a breach of contract.

47.     Safeco's breach of contract is a substantial factor in causing damages to Plaintiffs.


## COUNT THREE—INSURANCE BAD FAITH

48.     Plaintiffs hereby incorporate every other allegation in this Complaint as though fully set forth herein.

49.     Safeco failed to reasonably investigate Plaintiffs' claim, failed to acknowledge that Plaintiffs' claim was covered under their insurance, and to date has failed to adjust their claim at all.

50.     Safeco unreasonably breached its statutory duties to Plaintiffs under the Montana Unfair Claims Settlement Practices Act by violating Montana Code Annotated § 33-18-201, *et. seq.*, which provides, *inter alia,* that an insurer may not:

> (1) misrepresent pertinent facts or insurance policy provisions relating to coverages at issue;
>
> *    *    *    *    *
>
> (4) refuse to pay claims without conducting a reasonable investigation based upon all available information;
>
> (5) fail to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

 (6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

(13) fail to promptly settle claims, if liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

Montana Code Annotated § 33-18-201(1), (4), (5), (6) and (13).

50.    As a direct and proximate result of Safeco's violations of the above-referenced law, Plaintiffs have suffered damages.

## COUNT FOUR - PUNITIVE DAMAGES

52.    Plaintiffs hereby incorporate every other allegation in this complaint as though fully set forth herein.

53.    Safeco deliberately attempted to save itself money, engaging in insurance bad faith, by failing to investigate or pay Plaintiffs' legitimate claim. Safeco knew that such conduct would harm Plaintiffs.

54.    This conduct constitutes actual malice as defined in Montana Code Annotated Section 27-1-221, and justifies imposition of punitive or exemplary damages in an amount sufficient, in view of the size and wealth of Allstate, to make an example of its conduct and to deter similar wrongful actions by it and other insurers.

## IV.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests the Court grant the following relief:

1.      Determine that Safeco is liable for compensatory damages in an amount that is fair and reasonable for all injuries alleged herein;

2.      For declaratory judgment that Safeco was, and is, obligated to adjust Plaintiffs' claim and that Montana law applies to Plaintiffs' claim;

3.      For a reasonable sum of money to compensate Plaintiffs for attorneys' fees and costs incurred incident to the prosecution of this claim, pursuant to the Montana Declaratory Judgments Act, MCA § 27-8-101, *et. seq*.; the insurance exception to the American Rule; and any other applicable law;

4.      That the Court award Plaintiffs' punitive damages;

5.      That the Court award any other relief, including pre-judgment interest, to which Plaintiffs' may be entitled at law or in equity, and

6.      Plaintiff requests a jury trial on all issues so triable.


Dated this 28th day of June, 2017.

WESTERN JUSTICE ASSOCIATES, PLLC

*/s/ Domenic A. Cossi*_____
DOMENIC A. COSSI, ESQ.
303 West Mendenhall, Ste. 1
Bozeman, MT 59715
*Attorney for Plaintiffs*